UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICOLE SLUSHER,

    Plaintiff,                                     Case No. 0:13-cv-60520-RNS

v.

SCRUBYCO, INC., and
RUBYCO, INC.,

    Defendants.
_____/

### MOTION TO DISMISS

The Defendants, through their undersigned attorney, hereby move this court to dismiss this case pursuant to Fed.R.Civ.P. 12(b). As grounds, the Defendants would show this Court the following:

1. Prior to filing the above-styled action, Plaintiff was employed as a waitress at Defendant, ScrubyCo, Inc. On or about July 16, 2011, Plaintiff was terminated.

2. ScrubyCo, Inc., a Florida Corporation which does business as Scruby's BBQ[1], is located and did business in Tamarac, FL. It has no assets, significant debt, and has permanently closed.

3. RubyCo, Inc. is a separate Florida Corporation, which does business as Scrubys' BBQ, and is located and does business in Davie, FL.

4. The Plaintiff filed an EEOC Charge of Discrimination (the "Charge") against SCRUBY'S BBQ, 5718 North University Drive, Tamarac, FL 33321, alleging religious discrimination. "Scruby's BBQ" is a fictitious name solely owned by Plaintiff's former employer,

---

[1] RubyCo does business under the distinct (plural) name, Scrubys' BBQ, rather than Scruby's BBQ.

ScrubyCo, Inc. The Tamarac address is also the address of Defendant's former employer, ScrubyCo, Inc.

5. RubyCo, Inc. was not named in the Charge, nor did it ever employ the Plaintiff.

6. On March 5, 2013, the Plaintiff filed a Complaint in the above-styled action. Notably, the Complaint named only ScrubyCo, Inc. as a defendant.

7. On April 26, 2013, the Plaintiff amended her complaint to include RubyCo as a Defendant. On information and belief, the sole reason for amending the complaint is because Defendant, ScrubyCo, Inc., is uncollectible.

**A. Standard of Review**

8. It is now black letter law that a "complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). "In order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Id. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Id. (quoting *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.)).

**B. Slusher Fails to State a Plausible Claim For Religious Discrimination Against ScrubyCo, Inc., and Thus the Amended Complaint Should Be Dismissed As to ScrubyCo.**

9. In the context of this action, Slusher has failed to allege facts sufficient to plausibly establish a claim of discrimination. This is a critical failure as Title VII prohibits discriminatory conduct, not merely conduct that an employee may feel to be unfair or unjust.

10. Whether [an employer's] ... motivations [are] apt or inept, so long as they are not discriminatory, it is beyond the province of the court to act as a 'super personnel department[ ],' second-guessing the process by which the decisionmaker has arrived at her conclusion and, in effect, substituting its own business judgment for that of the employer. *Bonefont-Igaravidez v. International Shipping Corp.*, 659 F.3d 120, 126 (1st Cir. 2011) (citation omitted).

11. Title VII provides that an employer may not "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim, a plaintiff generally must show that he is a member of a protected class, that he was qualified, that his employer took an adverse employment action against him, and that the position was filled by persons with similar qualifications. *Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 19 (1st Cir. 1999).

12. For purposes of this motion, the Defendant does not contest that Slusher has identified membership in classes which are protected (non-members of the Calvary Church), that Slusher was basically qualified, or that Slusher has alleged an adverse action (non-selection and termination). What is missing from this Amended Complaint, however, are factual allegations sufficient to plausibly suggest that the employer's decision was based on religion.

13. As regards this element, it is not enough to merely allege that an adverse action was based upon a protected characteristic. This Court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). Thus, merely alleging that the decision was motivated by impermissible discrimination fails to meet basic pleading requirements.

14. In the context of a discrimination claim, a Plaintiff must come forward with allegations that plausibly suggest that discrimination played a role. See *Williams v. Time Warner Inc.*, 2011 WL 4470015, *2-3 (2nd Cir. Sept. 28, 2011) ("In assessing claims of employment discrimination, this Court has made clear that there must be a causal connection between the discrimination and a plaintiff's race or gender—namely, that the plaintiff was discriminated against "because of " her race, gender, or other protected characteristic.... Williams's complaint merely provides a list of allegations of mistreatment by her employer and suggests the weakest of reasons that she believed her rights had been violated. ") (emphasis in original); *Waiters v. Aviles*, 2011 WL 982990, *2 (3rd Cir. Mar 22, 2011)("The District Court correctly reasoned that dismissal of Counts II and III was appropriate because Waiters failed to allege any facts correlating the adverse actions against her with any discriminatory motive, as required under Title VII. Waiters' amended complaint included only conclusory allegations, which is insufficient to sustain a cause of action. For the same reason, we agree with the District Court that Count IV of Waiters' complaint failed to state a claim upon which relief could be granted. Waiters alleged a hostile work environment, but failed to allege any facts or circumstances— beyond her bare assertions—that the defendants' conduct was motivated by discriminatory animus."); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 -191 (4th Cir. 2010) ("Here, although Coleman's complaint conclusorily alleges that Coleman was terminated based on his race, it does not assert facts establishing the plausibility of that allegation.... the complaint's allegations of race discrimination do not rise above speculation.")

15. A review of the factual allegations of the Complaint and the amended Complaint demonstrates that there is no plausible discrimination claim based upon religion.

16. Furthermore, many of Slusher's factual allegations refute, rather than support, discrimination claims. For example, the very fact that Slusher was hired and served as a waitress, despite not being a Calvary-member counts against, rather than for, the plausibility of such claims. There can be no question that in today's down economy, the Defendants could have hired only members of a widely proliferated religion, such as Calvary, had they desired to. Furthermore, the Plaintiff alleges that she occasionally "filled in" as a manager, acting as the face of the company, despite the religious discrimination she alleges. The Complaint, however, seems to allege that she was fired for failing to appropriately slice pie. This merely suggests that the decision to terminate Slusher was unwise; it does not suggest that it was discriminatory. "[I]t is beyond the province of the court to act as a super personnel department' second-guessing the process by which the decisionmaker has arrived at her conclusion and, in effect, substituting its own business judgment for that of the employer." *Bonefont-Igaravidez*, 659 F.3d at 126.

17. Slusher's bare allegation that she belongs to a protected class (which one can only assume is non-Calvary members) does not, by itself, make a prima facie discrimination claim. Every person has a race, an age, a gender, and a religion (or absence thereof). Were the simple fact of possessing such characteristics enough, there could never be a complaint that failed to state a prima facie claim for any otherwise qualified individual who suffered an adverse employment action.

18. To the extent that Slusher alleges that there were members of the Calvary church who were managers, these allegations alone are unilluminating. Slusher fails to connect these allegations to the adverse employment action(s) at issue. It is Slusher's burden to do so. See *Rathbun v. Autozone, Inc.,* 361 F.3d 62, 76 (1st Cir. 2004).

19. But whatever the Plaintiff intends with respect to such claims, the Defendant is entitled to know in this action what the Plaintiff's claim actually is. It is unclear what the Plaintiff is challenging.

20. Based upon the filings in this action, it is impossible to determine the Plaintiff's claim or what the defense in this action can or should be. The Defendant should not have to guess. Certainly, it should not be incumbent upon the Defendant to parse the administrative record and discern what claims that a Plaintiff might make. Thus, the Amended Complaint should be dismissed as to ScrubyCo.

**C. The Court Lacks Subject Matter Jurisdiction as to Defendant, RubyCo, Inc., and Fails to State a Claim Against It, Warranting Dismissal Pursuant to Both Rules 12(b)(1) and 12(b)(6).**

21. In addition to her employer, ScrubyCo, Inc., Plaintiff has named RubyCo, Inc. as a defendant in this action under a joint employer/integrated enterprise theory. (*See* legal conclusion contained in Paragraph 9 of the Amended Complaint.) The only factual allegations asserted in the Complaint to support this joint employer/integrated enterprise theory is that "they shared or co-determined those matters governing the essential terms and conditions of Plaintiff's employment [and] were highly integrated with respect to ownership and operations."

22. In her Charge filed with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff named SCRUBY'S BBQ, 5718 North University Drive, Tamarac, FL 33321 as the Respondent. "Scruby's BBQ" is a fictitious name solely owned by her actual employer, ScrubyCo, Inc. The Tamarac address is the address of Plaintiff's actual employer, ScrubyCo, Inc. RubyCo, Inc., which does business under a different name and has never employed the Plaintiff, was not named in the EEOC charge, nor was it even named as a Defendant in the Plaintiff's original Complaint. On information and belief, the sole reason for including RubyCo as a

Defendant in the Amended Complaint was because the Plaintiff learned that Defendant, ScrubyCo, Inc., is uncollectible. Plaintiff never alleges that RubyCo, Inc. employed Plaintiff.

23. Plaintiff's assertion of a mere legal conclusion that the RubyCo is a joint or integrated employer is insufficient to state a claim based on a joint or single employer theory. Accordingly, the Title VII claim against this defendant should be dismissed pursuant to Rule 12(b)(6). Additionally, RubyCo is also entitled to dismissal of the Title VII claim against it, under Rule 12(b)(1), based on lack of subject matter jurisdiction and Plaintiff's failure to fulfill the jurisdictional prerequisite of naming and giving proper notice to RubyCo, Inc. in her EEOC Charge.

> *The Amended Complaint should be dismissed as to RubyCo, Inc. for lack of subject matter jurisdiction, as the Plaintiff did not exhaust her administrative remedy as to RubyCo.*

24. Plaintiff named ScrubyCo, Inc. as Employer in her EEOC charge, but did not address the Charge to RubyCo, Inc. Defendant, RubyCo, Inc., for purposes of this Motion, admits that it had notice of Plaintiff's Charge. RubyCo, Inc., however, (1) lacks similarity of interest between it and ScrubyCo, Inc.; 2) was not named in the body of the Charge and could not have been otherwise ascertained at the time the EEOC charge was filed; 3) did not have adequate opportunity to participate in the reconciliation process; and 4) has been actually prejudiced by its exclusion from the EEOC proceedings.

25. Accordingly, Plaintiff is barred from bringing a Title VII action against RubyCo, Inc., and those claims should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

> Jurisdictional challenge . . . can be decided without reference to the merits of the underlying claim and lie within the exclusive province of the trial court. Consequently, when a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56. Because

> at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weight the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.' We have cautioned, however, that the district court should only rely on Rule 12(b)(1) 'if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'

*Morrison v. Amway Corp., et al*., 323 F.3d 920 (11th Cir. 2003) (citation omitted).

26. Plaintiff is barred under Rule 12(b)(1) from asserting this Title VII action against RubyCo, Inc., as a result of her failure to satisfy the jurisdictional prerequisite of naming RubyCo, Inc. in her EEOC Charge.

27. "Under 42 U.S.C. § 2000e-5, a person who wants to file a lawsuit under Title VII must first file a charge with the Equal Employment Opportunity Commission alleging a Title VII violation and exhaust all remedies provided by the EEOC . . . . Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Virgo v. Riviera Beach Associates, Ltd. d/b/a Sheraton Ocean Inn, et al*., 30 F.3d 1350, 1358 (11th Cir. 1994)(citations omitted); *see also Greenwood v. Ross*, 778 F.2d 448, 450 (8th Cir. 1985); *Mary Ann Gilmore, et al. v. List & Clark Construction Co., et al.*, 862 F. Supp. 294 (1994).

28. "Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal court . . . . In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the

EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." *Virgo*, 30 F.3d at 1358-59 (citations omitted). In *Virgo*, the unnamed defendants in the EEOC charge consisted of an entity under which the named entity did business, and general partners in that entity. Under those circumstances, the court found adequate notice sufficient to satisfy the purposes of Title VII. The circumstances in the present case are very different.

29.     RubyCo, Inc. acknowledges that it had notice of the EEOC Charge due to common ownership between it and Defendant, ScrubyCo, Inc. RubyCo, however, lacked adequate opportunity to respond, as it was not alleged to be --and is not-- Plaintiff's actual employer. Rather, these two entities were completely separate, distinct corporations.

30.     There is insufficient similarity of interest. RubyCo is not a general partner with the entity named in the EEOC Charge. It was not Plaintiff's actual employer. Plaintiff physically worked at ScrubyCo, Inc. RubyCo, Inc. is not located at that address, nor does it do business there.

31.     Additionally, Plaintiff could have ascertained the Defendant's identity at the time the EEOC charge was filed. RubyCo, Inc. uses a different fictitious name, a different address, and different employees. Its address and identity are easily searchable on the Florida Secretary of State's website, Sunbiz.org.

32.     Furthermore, RubyCo, Inc. did not receive adequate notice of the charge, and did not have adequate opportunity to participate in the reconciliation process. RubyCo, Inc. was not named anywhere in the Charge, and no fact was asserted that could have led anyone to believe

they would later be included in an action based on the Charge. Although it is now alleged in the Amended Complaint that RubyCo, Inc. and ScrubyCo, Inc. operated jointly, and consolidated their employment affairs, there was no such allegation in Plaintiff's EEOC charge. Nor was any joint employer or integrated enterprise theory mentioned by Plaintiff in the Charge or during the EEOC proceedings. It could never have been anticipated from the contents of the Charge or the EEOC proceedings that they would be later dragged into court in connection with such Charge.

33. Finally, RubyCo, Inc. was prejudiced by its exclusion from the EEOC proceedings. The failure to include it in the EEOC proceedings has prejudiced it in fact. In light of the above, the Court should weigh the facts and find that Plaintiff has not satisfied the jurisdictional prerequisite of having named RubyCo, Inc. in the Charge. Plaintiff's Title VII claim against them should accordingly be dismissed pursuant to Rule 12(b)(1).

> *The Amended Complaint should be dismissed as to RubyCo, Inc. because it does not state a claim against RubyCo.*

34. In addition, Plaintiff has failed to state a Title VII claim against RubyCo, Inc. based on any employer relationship, and dismissal of such claim is proper pursuant to Rule 12(b)(6). Plaintiff baldly asserts that Defendants are joint employers or an integrated enterprise. The Amended Complaint does not even state which of these theories, with their very different criteria, applies. This mere legal conclusion is insufficient to state a claim on which relief can be granted against RubyCo, Inc.

35. First, the Amended Complaint fails to state a claim against RubyCo, Inc. based on a joint employer theory.

> The Department of Labor states that various companies may be an individual's 'joint employers': Where there is an arrangement between employers to share an employee's services or to interchange employees; (2) Where one employer acts directly or indirectly in the interests of the other employer in relation to the employee; or, (3) Where the employers . . . may be deemed to share control of the

employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer. 29 CFR 825.106(a).

*Morrison v. Magic Carpet Aviation et al.*, 383 F.3d 1253, 1257- 1258 (2004).

36. The Amended Complaint at least implicitly admits that ScrubyCo, Inc. is Plaintiff's employer. However, it fails to allege any contract existed between ScrubyCo and RubyCo to share Plaintiff's services. There are no allegations that Plaintiff worked on anywhere other than the ScrubyCo premises. Nor is it alleged how RubyCo, Inc. exercised control over Plaintiff. Plaintiff does not allege she was asked to perform tasks for any other entity. This is insufficient for a joint employer finding with respect to Plaintiff. Since Plaintiff has failed to allege an employer relationship with RubyCo, Inc., her Title VII claim should be dismissed with respect to RubyCo.

37. Additionally, the Amended Complaint fails to state a claim against RubyCo based on an integrated employer theory. There are four criteria for determining whether nominally separate entities constitute an integrated employer: 1) interrelation of operations; 2) common management; 3) centralized control of labor relations; and 4) common ownership and financial control. *Lyes v. Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999). Other than the legal conclusion that the two entities were "highly integrated with respect to ownership and operations," there are no allegations to support such a finding. Thus the Amended Complaint fails to state a claim against RubyCo, Inc. based on the existence of an employment relationship with Plaintiff through an integrated enterprise theory.

38. As such, Plaintiff has failed to state a claim upon which relief can be granted against RubyCo, Inc. based on any employment relationship. RubyCo, Inc. is entitled to dismissal of Plaintiff's claims against it pursuant to Rule 12(b)(6), based on Plaintiff's failure to state a claim upon which relief can be granted. The Complaint fails to allege that these entities

are Plaintiff's actual employer. Nor does it sufficiently allege a claim based on a joint employer or integrated enterprise theory. Thus, the Amended Complaint should be dismissed as to RubyCo, Inc.

39. For the reasons set forth in this motion, the Amended Complaint fails to state a plausible claim for religious discrimination against ScrubyCo, Inc., fails to state a claim against RubyCo, Inc. and does not state a claim against RubyCo, Inc. for which this Court has subject matter jurisdiction. Accordingly, the Amended Complaint should be dismissed in its entirety.

WHEREFORE, the Defendants request this Court dismiss this case, and enter such other and further relief as is just and appropriate.

Respectfully submitted,

**MARSHALL GRANT, P.L.**
Attorneys for Defendants
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@marshallgrant.com


By:    /s/ Lawrence E. Pecan
         LAWRENCE E. PECAN
         Florida Bar No. 99086

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of May, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following by CM/ECF.

Daniel R. Levine            drlevine@sbwlawfirm.com, akendrick@sbwlawfirm.com

Lawrence E. Pecan           lpecan@marshallgrant.com

                                      By:   /s/ Lawrence E. Pecan
                                              LAWRENCE E. PECAN