UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60520-Civ-SCOLA

NICOLE SLUSHER,

    Plaintiff,
vs.

SCRUBYCO, INC., a Florida
corporation, d/b/a SCRUBY'S
BBQ, and RUBYCO, INC., a
Florida corporation, d/b/a
SCRUBYS' BBQ,

    Defendants.
_____/

### Order Denying Motion To Dismiss

Plaintiff Nicole Slusher brought this action against Defendants Scrubyco, Inc. and Rubyco, Inc., alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. Defendants move to dismiss for lack of subject-matter jurisdiction as to Rubyco under 12(b)(1) and failure to state a valid claim as to Scrubyco and Rubyco under 12(b)(6). For the reasons set forth below, the Defendants' Motion to Dismiss (DE 19) is denied.

### Background

Slusher, a former waitress at Scruby's BBQ for six years, claims that the Defendants engaged in discriminatory acts against her because she was not a member of the Calvary Church. Defendants concede that Slusher is a member of a protected class (non-member of Calvary Church), that Slusher was qualified for her job, and that she suffered an adverse action when she was not selected for promotion and was terminated from her position. (DE 19 at 3.) But Defendants argue that there are insufficient allegations to suggest the employment decisions were based on religion. (*Id.*)

Scrubyco, Inc. does business as "Scruby's BBQ" and was a restaurant and caterer offering barbeque-style food. (DE 7 at 3.) Rubyco, Inc., which does business as "Scrubys' BBQ," is also a restaurant and caterer offering barbeque-style food. (*Id.*) Scrubyco and Rubyco are both owned and managed by Mary and Robert Scruby. (*Id.*)

Robert and Mary Scruby attend the Calvary Church in Fort Lauderdale, FL. (*Id.* at 4.) Slusher alleged that during her employment with Scruby's BBQ,

Robert and Mary Scruby required Slusher and other employees to bow their heads and pray during store meetings, played religious music on a continuous loop, and constantly urged Slusher to attend Calvary Church and "find G-d" (*Id.* at 4-5.) Around June 2011, the Scrubys again asked Slusher to attend the Calvary Church. (*Id.* at 5.) When Slusher refused, the Scrubys became "cold" towards her and spoke to her very little. (*Id.* at 5-6.) In July 2011, Mary Scruby terminated Slusher. (*Id.* at 6.)

According to Slusher, Scruby's treats employees differently based on whether they belong to or attend the Calvary Church. (*Id.* at 4-5.) For example, employees who broke rules at Scruby's were often terminated if they were not Calvary Church members, while employees who were Calvary Church members were allowed to keep their jobs. (*Id.* at 5.) In addition, Slusher alleged that despite her being qualified for a managerial position, Scruby's never promoted Slusher, but Scruby's did promote or hire Calvary Church members for managerial positions. (*Id.* at 5.)

Slusher has exhausted all administrative requirements, and in December 2012 she received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC). Slusher did not include Rubyco in her EEOC charge. (DE 19 at 2.)

Scrubyco and Rubyco argue that the case should be dismissed because (1) Slusher failed to name Rubyco in her EEOC charge, thereby depriving the Court of subject-matter jurisdiction over Rubyco, (2) Slusher failed to state a plausible claim for religious discrimination against Scrubyco, and (3) Slusher failed to allege an employment relationship with Rubyco. The Court considers each ground in turn.

**Analysis**

1. **Motion to Dismiss for Lack of Subject-Matter Jurisdiction as to Rubyco Inc.**

   a. *12(b)(1) Standard*

   Attacks on subject-matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject-matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). So courts look at only the face of the complaint to "determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction." *Scelta v. Delicatessen Support Servs., Inc.*, No. 98–2578–CIV–T–17B, 1999 WL 1053121, at *4 (M.D. Fla. Oct. 7, 1999) (citations omitted). A copy of a written

instrument that is an exhibit to a pleading is a part of the pleading for all purposes. F.R.C.P. 10(c). Because the Motion to Dismiss (DE 19) did not attach anything for the court to consider and because the only thing before the Court is the Complaint and the exhibits attached, this is a facial challenge.[1] *See id.*

### b. *Does the Court have subject-matter jurisdiction over Rubyco despite Slusher's failure to name Rubyco in her EEOC charge?*

The requirement that a party be named in an EEOC charge is jurisdictional. 42 U.S.C. § 2000e-5(e). As Rubyco accurately points out, under Title VII a party must be named in an EEOC charge to be sued in a later civil action. *Virgo v. Riviera Beach Associates, Ltd.* 30 F.3d 1350, 1358 (11th Cir. 1994). But this requirement is construed liberally and when considering whether an unnamed party may be sued, courts look to whether the purpose of the Title VII naming requirement has been met. *Id.*

The purpose of the naming requirement in an EEOC charge is to notify the charged party of the allegations and allow that party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. *Id.* To determine if the purposes of Title VII have been met, the court considers several factors, including (1) whether the named party and the unnamed party have a similar interest in the case; (2) whether the plaintiff could have ascertained the identity of the unnamed party when the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *Id.*

The notice and conciliation purposes of the Title VII have been satisfied in this case. If an unnamed party (1) has a close relationship with a named respondent in an EEOC charge and (2) has actual notice of the charge so that

---

[1] Slusher attached the EEOC Notice of Right to Sue and her EEOC charge to her original Complaint. (DE 1-2; DE 1-3.) In her Amended Complaint, she states that she has attached both of these documents: "[a]ll administrative requirements have been exhausted and a Notice of Right to Sue was issued by the [EEOC] . . . a true and accurate copy of which is attached hereto as Exhibit 'A,' based upon a charge of discrimination timely filed with the [EEOC], a true and accurate copy of which is attached hereto as Exhibit 'B'". (DE 7 at 2.) Her failure to actually attach these documents is thus clearly inadvertent. The Court therefore considers the EEOC Notice of Right to Sue and her EEOC charge as if they were attached to the Amended Complaint. Under Rule 10(c), these documents are part of the Amended Complaint.

they could have participated in conciliation efforts, then the purposes of Title VII have been met.  V*irgo,* 30 F.3d at 1359; *Eggleston v. Chicago Journeymen Plumbers' Local 130*, 657 F.2d 890, 907 (7th Cir. 1981).  In the present case, Rubyco concedes that it had actual notice of the EEOC charge.  (DE 19 at 9.)  In addition, alleged facts show that Rubyco has a close relationship with the named respondent, Scrubyco:  Mary and Robert Scruby own both companies; Scrubyco and Rubyco operate or do business under a similar name, Scruby's BBQ and Scrubys' BBQ; and both companies offer (or offered) open-pit, barbeque-style food. (DE 7 at 3; DE 19 at 1, 9.)  Furthermore, Slusher alleged that Scrubyco and Rubyco were "highly integrated with respect to ownership and operations." (DE 7 at 3.)  Based on Slusher's allegations, the Court concludes for purposes of the 12(b)(1) motion that Rubyco was actually notified of the EEOC charge, had a close relationship with Scrubyco, had a similar interest in the case to Scrubyco, and could have participated in conciliation efforts.  These conclusions—combined with the Court's conclusion that Rubyco was not prejudiced by Slusher's failure to name Rubyco in the EEOC charge—show that the purposes of Title VII's naming requirement have been met.  The Court therefore **denies** Rubyco's Motion to Dismiss for lack of subject-matter jurisdiction.

2. **Motion to Dismiss for Failure to State a Claim against Defendant Scrubyco and Defendant Rubyco**

*a.   12(b)(6) Standard*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of the Complaint's well-pled factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Though the Rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets, internal citation, and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  So a pleading that offers more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not be dismissed.  *See id.*

> ### b.   *Has Slusher stated a plausible claim for religious discrimination against Scrubyco?*

Scrubyco's 12(b)(6) motion to dismiss is based on the premise that Slusher has failed to allege facts sufficient to plausibly establish a claim of Title VII discrimination. (DE 19 at 9.)  To establish a *prima facie* case for discrimination, the plaintiff must show (1) that she is a member of a protected class; (2) that she was qualified for her job; (3) that her employer took an adverse employment action against her; and (4) and that she was replaced by a person outside the protected class or treated differently than similarly situated employees.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288-89 (11th Cir. 2003).

A complaint in an employment-discrimination case does not need to contain specific facts establishing a *prima facie* case. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002)).  But the plaintiff must still meet the plausibility standard of *Iqbal* and *Twombly* by alleging facts sufficient for one to reasonably infer that the defendant is liable for the alleged discrimination. *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).

Slusher has alleged enough facts to establish a *prima facie* case and to support a reasonable inference that Scrubyco has discriminated against Slusher based on religion.  Scrubyco concedes that Slusher has established (1) that she is a member of a class that is protected (non-members of the Calvary Church); (2) that she was qualified for the position; and (3) that she has alleged an adverse action.  (DE 19 at 3.)  Defendant argues only that Slusher has failed to raise sufficient allegations to plausibly suggest that Scrubyco's decision was based on religion. (*Id.*)

A complaint that properly alleges a *prima facie* case for Title VII discrimination will likely survive a 12(b)(6) motion.  *See Henderson*, 436 F. App'x at 937; *Ashmore v. F.A.A.*, 11-CV-60272, 2011 WL 3915752 *2 (S.D. Fla. Sept. 2, 2011).  In *Henderson*, the court held that Henderson did not allege sufficient facts to show that Chase had discriminated against her based on her race because she alleged only that she was black and prequalified for a loan, and that the terms of the loan had been changed through the application process.  *Henderson,* 436 F. App'x at 937.  The Court noted that the Plaintiff could have survived a motion to dismiss by "alleging facts showing that similarly situated loan applicants outside her racial class were offered more favorable loan terms." *Id.*

In this case, Slusher has alleged facts to show that similarly situated employees outside her protected class were treated more favorably. Unlike the

plaintiff in *Henderson*, Slusher has alleged that Scrubyco routinely discriminates against individuals who are not Calvary Church members and provides preferential treatment to individuals who are Calvary Church members. *See id.* Slusher alleged that Scruby's hires individuals with little or no restaurant experience because they attend Calvary Church and that Scruby's has failed to hire or terminated qualified and competent individuals because they failed to attend the Calvary Church. (DE 7 at 4.) In addition, Slusher alleged that of the employees who violated rules, those who did not attend Calvary Church were often terminated while those that did attend Calvary Church were allowed to keep their jobs. (*Id.* at 5.) Slusher also alleged that despite her qualifications for a managerial position, Scruby's never promoted her to a managerial position, but did promote other employees that were Calvary Church members for managerial positions throughout Slusher's employment. (*Id.* at 5.)

Because Slusher has alleged that Scruby's treated similarly situated employees who were members of the Calvary Church more favorably than those who were not, and because Slusher has satisfied the other elements required to establish a *prima facie* case for discrimination, this Court finds that Slusher has alleged sufficient facts for one to reasonably infer that Scrubyco is liable for discrimination. Therefore, Scrubyco's Motion to Dismiss (DE 19) for failure to state a claim as to Scrubyco is **denied**.

c. *Has Slusher alleged an employment relationship with Rubyco?*

Rubyco moves to dismiss Slusher's claim against Rubyco for failure to allege any employer relationship between Slusher and Rubyco. In addition, Rubyco argues that Slusher has failed to adequately state a claim based on a joint-employer or single-employer theory.

Title VII prohibits discrimination based on race, color, religion, sex, or national origin by an "employer." 42 U.S.C. § 2000e–2. An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). The 11th Circuit liberally construes the term "employer" when determining whether a complainant may pursue his Title VII charge. A court may construe two "highly integrated" entities "with respect to ownership and operations" to be an individual's single employer for Title VII liability. *Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 663 (11th Cir. 2009) (citing *Lyes v. City of Riviera Beach,* 166 F.3d 1332, 1341 (11th Cir.1999)).

As Slusher and Defendants point out, it is possible for two or more businesses to be held liable for violating Title VII under the "joint employer" or

"single employer" theory of recovery. *Kaiser v. Trofholz Technologies, Inc.*, 935 F. Supp. 2d 1286, 1293 (M.D. Ala. 2013)(*citing Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359–61 (11th Cir.1994)). Regardless of which theory—joint-employer or single-employer—is used, both theories concentrate on the degree of control an entity has over the adverse-employment decision on which the Title VII suit is based. *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998).

The single-employer theory is used when two technically distinct entities in fact represent a unified enterprise that can be considered a single employer. *Long v. Aronov Realty Mgmt., Inc.*, 645 F. Supp. 2d 1008, 1029 (M.D. Ala. 2009). To determine that two separate entities are an individual's single employer, courts consider the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Reeves*, 331 F. App'x at 663; *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999).

The joint-employer theory has been used when two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees. *Lyes*, 166 F.3d at 1341. In a joint-employer relationship, there is no single integrated enterprise. A conclusion that employers are joint assumes that they are separate legal entities but that they have merely chosen to handle certain aspects of their employer-employee relationships jointly. *Long*, 645 F. Supp. 2d at 1029. Courts usually make such a determination by analyzing: (1) the means and manner of the plaintiff's work performance; (2) the terms, conditions, or privileges of the plaintiff's employment; and (3) the plaintiff's compensation. *Llampallas*, 163 F.3d at 1245.

At this stage of the proceedings, Rubyco can plausibly be held liable under the single-employer theory. Slusher has alleged that "both corporate Defendants were 'employers' . . . pursuant to Title VII"; that both Defendants "co-determined those matters governing the essential terms and conditions of Plaintiff's employment"; that both Scrubyco and Rubyco are owned by Mary and Robert Scruby; and that Rubyco and Scrubyco were "highly integrated with respect to ownership and operations." (DE 7 at 3). These allegations, when accepted as true, support a claim of an employment relationship with Defendant Rubyco. The Court therefore finds that Slusher has sufficiently alleged an employer relationship with Rubyco for purposes of a Title VII claim and Scrubyco's Motion to Dismiss (DE 19) for failure to state a claim as to Rubyco is **denied**.

## Conclusion

For the above reasons, the Court **denies** the Motion (DE 19).

**Done and ordered** in chambers, at Miami, Florida on November 21, 2013.

_____
Robert N. Scola, Jr.
**United States District Judge**